STATE EX REL. HAROLD A. CREAGAN v. DOUGLAS C. RIGG.

97 N. W. (2d) 276.

June 19, 1959—No. 37,675.

*Harold A. Creagan,* pro se, for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

DELL, CHIEF JUSTICE.

Relator appeals from an order of the district court dismissing his petition for a writ of habeas corpus and remanding him to the custody of respondent to serve the remainder of the sentence previously imposed upon him. The sole question before us is whether relator was deprived of his constitutional right to have assistance of counsel or whether he intelligently waived that right. For reasons hereafter stated we hold that relator intelligently waived his right to counsel and that the order of the district court must be affirmed.

From the record before us it appears that relator was arrested December 14, 1937, in the township of Manston, in Wilkin County, Minnesota. Three days later the Wilkin County grand jury returned an indictment charging him with first-degree murder in causing the death of Edward C. Stordock on December 3, 1937. From the record and proceedings before us it appears that relator assaulted the deceased

and beat him "about his head and body with several large sized beer bottles then and thereby stunning and rendering * * * Stordock in a helpless physical condition * * *," after which he removed the deceased's leather belt, wrapped it around his neck, and strangled him to death.

On the day that the indictment was returned relator was arraigned in the District Court of Wilkin County. The minutes of the proceeding at the time of the arraignment show the following:

"* * * The said Defendant being present was asked by the Court if he had Counsel, and the Court being informed that he had not, he was asked if he desired to have one, and stated that he did not want Counsel, that he would enter a plea of guilty. The Defendant was given a copy of the Indictment, and the County Attorney read the same to him, and he was then asked by the Court what his pleas [sic] to said Indictment was, to which he replied 'Guilty'."

Relator was then sworn, and from the judgment entered in the district court it appears that in response to questions put to him he gave the following answers and information:

"That his true name is Harold A. Creagan, that he is a single man and was 28 years of age on November 28, 1937, that he attended school until he reached the sixth grade at Iowa Falls, Iowa. That he had been arrested twice before, once on a charge of assault for which crime he had served a year at St. Cloud [reformatory]. That was in 1928. That conviction was in the District Court at Moorhead, Minnesota. That the second time he was convicted of First Degree Highway [Assault] and thought that was in 1929 and that he was given from ten to eighty years [in the State Prison at Stillwater]. That he was paroled last July by Superintendent of State Institutions. That he was not convicted of any other offense."

Relator was then asked by the court whether he had anything to say why sentence should not be pronounced upon him and "failing to show cause" the trial court thereupon adjudged him guilty of murder in the first degree and sentenced him to life imprisonment "in the Penal Institutions of this State * * *."

In two recent cases before this court, State ex rel. Redenbaugh v. Rigg, 255 Minn. 281, 96 N. W. (2d) 555, and State ex rel. Thomas

v. Rigg, 255 Minn. 227, 96 N. W. (2d) 252, we had occasion to consider the same question that is presented in the instant case. In both of those opinions the applicable law in cases of this kind was reviewed, and it was pointed out that the appeal in this court is heard de novo and that we are free to draw our own conclusions from the evidence. In the Redenbaugh case petitioner was, at the time of his arraignment, 19 years of age and had a fourth-grade education. After reviewing his testimony at the hearing on his petition for habeas corpus, we concluded that he was sufficiently aware of what he was doing at the time the crime was committed to intelligently plead guilty to an indictment charging first-degree murder. In the Thomas case relator was 27 years old, had a seventh-grade education, and had previously been convicted and sentenced for criminal offenses committed by him. We recognized that the following exchange between the trial court and him, followed by a reading of the information, a plea of guilty, and an examination by the court, was a sufficient recognition of his right to counsel:

"THE COURT: Do you have a lawyer?

"DEFENDANT: No, sir.

"THE COURT: Do you want a lawyer?

"DEFENDANT: No, sir."

In the instant case relator was older than either of the relators in those two cases. His education was more extensive than Redenbaugh's and about the same as Thomas' and, like Thomas, he was no stranger to the criminal courts. He had two prior convictions for assault, had served time in two penal institutions, and had been paroled only about 5 months before this murder was committed. There can be no doubt that he was fully aware of the nature and seriousness of the crime with which he was charged and that he intelligently and knowingly waived his right to counsel. He made no attempt to deny this fact when the district court heard his present petition for habeas corpus and, in fact, stated "that he had no oral evidence to offer and that he desired to offer no evidence." The district court was thoroughly justified in dismissing relator's petition for a writ of habeas corpus and in remanding him to the custody of the respondent.

Affirmed.